IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNIVERSAL HEALTHCARE AND PROFESSIONAL SERVICES, LLC. | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No._____ |
| v. | ) ) ) | JURY TRIAL DEMANDED |
| SUNRISE MEDICAL, INC., STEVE KHAN, and RICHARD MAROTTE | ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Universal Healthcare and Professional Services, LLC ("Plaintiff or Universal") states the following in its complaint against Defendants Sunrise Medical, Inc., ("Sunrise") Steve Khan ("Khan"), and Richard Marotte ("Marotte") (collectively referred to as "Defendants").

### SUBSTANCE OF THE ACTION

1. This is an action at law for breach of contract, fraudulent inducement, and fraudulent misrepresentation, arising under O.C.G.A. § 51-6-2, and applicable common law.

### THE PARTIES

2. Plaintiff is a limited liability company organized and existing under the laws of the State of Georgia with a principal place of business at 8325 Office Park Drive, Douglasville, Georgia, 30134.

3. Defendant Sunrise is a corporation organized and existing under the laws of the State of Florida with its principal place of business at 4701 N. Federal Hwy. Suite 485 Pompano Beach, Florida 33064.

4. Upon information and belief, Defendant Khan is an individual of the full age of majority with a primary place of residence in the State of Florida, and is a registered agent and a Vice President of Sunrise.

5. Upon information and belief, Defendant Marotte is an individual of the full age of majority with a primary place of residence in the State of Florida, and is a managing member of Sunrise.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are from different states and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

7. This Court has personal jurisdiction over Defendants because Defendants have transacted business in this State, have committed tortious acts in this State, and have otherwise established contacts within this State making the exercise of personal jurisdiction proper.

8. Defendants are further subject to personal jurisdiction because they contractually agreed with Plaintiff that the State of Georgia law will apply to any claim or controversy arising out of their contractual agreement.

9. Defendants are further subject to personal jurisdiction as they regularly transact business in the State of Georgia. Defendants are further subject to personal jurisdiction because they engaged in tortious activity arising out of regular contractual dealings with Plaintiff, inclusive of in-person meetings at Plaintiff's Douglasville office in the State of Georgia.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

**FACTUAL BACKGROUND**

11. Since 2010, Plaintiff has been a Medicare-certified supplier that provides durable medical equipment, orthotics or prosthetists and supplies ("DMEPOS") to eligible Medicare beneficiaries and other patients.

12. During the course of its business, Plaintiff used various marketing services to promote the sale of its products, including Defendant Sunrise.

13. On July 13, 2016, Plaintiff and Defendant Sunrise entered into a "Business Process Outsourcing and Call Center Services Agreement" ("Agreement") and accompanying Statement of Work ("SOW").

14. During the course of negotiating the Agreement, multiple meetings between Plaintiff and Defendants Khan and Marotte were held in Douglasville, Georgia, Miami, Florida, and Jamaica.

15. During the negotiation process, Defendants held themselves out as experts in marketing services for DMEPOS products promotion.

16. During the negotiation process, Defendants held themselves out as experts in state and federal law and regulations governing the marketing of DMEPOS products.

17. Based on Defendants' representations, Plaintiff entered into the Agreement and the accompanying SOW with Defendant Sunrise.

18. The Agreement stated that Defendant Sunrise would provide marketing, business support, and call center services to promote the sale of Plaintiff's products on Plaintiff's behalf.

19. Pursuant to the Agreement, Plaintiff contracted with Defendant Sunrise to pay Defendant Sunrise's fees and expenses incurred as memorialized in the SOW.

20. The Agreement provided that Defendant Sunrise would maintain call recordings for calls with Medicare beneficiaries, other interested customers, and physicians on behalf of Plaintiff for at least seven years from the date of the call.

21. Pursuant to the Agreement, Plaintiff had the right to access to the call recordings with the Medicare beneficiaries, other interested customers, and physicians with a five-business day notice.

22. The Agreement established that Defendant Sunrise would complete verifications on persons identified as potential customers for Plaintiff.

23. Pursuant to the Agreement, Defendant Sunrise agreed to: (1) confirm the details submitted by an individual interested in DEMPOS; (2) confirm additional information required by Plaintiff; (3) complete an eligibility check; and (4) consult with the medical doctor or prescribing physician.

24. The majority of patients that Defendant Sunrise referred to Plaintiff were not interested in DEMPOS products.

25. Many patients stated that they did not order DEMPOS products and returned them to Plaintiff.

26. Plaintiff suffered significant financial loss due to the expense of processing claims and returns of uninterested customers.

27. Pursuant to the Agreement, Defendant Sunrise contracted to comply with all applicable Federal and state laws and regulations in the performance of its contractual obligations.

28. In relevant part, 42 C.F.R. § 424.57(c)(11) provides that DEMPOS suppliers are prohibited from calling a Medicare beneficiary unless: (1) the individual has given written permission to the supplier to contact them by telephone concerning the furnishing of a Medicare-covered

item that is to be rented or purchased; or (2) the supplier has furnished a Medicare-covered item to the individual and the supplier is contacting the individual to coordinate the delivery of the item; or (3) if the contact concerns the furnishing of a Medicare-covered item other than a covered item already furnished to the individual, the supplier has furnished at least one covered item to the individual during the 15-month period preceding the date on which the supplier makes such contact.

29. On or about December 29, 2017, the National Supplier Clearinghouse Supplier Audit and Compliance Unit ("SACU") sent correspondence to Plaintiff stating that Plaintiff had violated 42 C.F.R. § 424.57(c)(11). The SACU requested information how three specific Medicare beneficiaries were contacted.

30. On or about January 11, 2018, Plaintiff contacted Defendant Sunrise to obtain the information related to the three specific patients.

31. On January 12, 2018, Plaintiff contacted Defendant Khan, who assured that he would provide the requested information.

32. To date, Defendants have not provided the requested information to Plaintiff.

33. Due to Defendants' failure to cooperate and provide call information related to the three specific patients, Plaintiff has been unable to defendant itself against the allegations of an unauthorized Medicare beneficiary contact.

34. Medicare is recouping money for these three and many other claims for which it believes beneficiaries were contacted in violation of 42 C.F.R. § 424.57(c)(11).

35. Medicare has imposed significant restrictions on Plaintiff to continue doing business with the Medicare beneficiaries.

## COUNT I

### BREACH OF CONTRACT
### DEFENDANTS SUNRISE, KHAN, AND MAROTTE

36. Plaintiff repeats and incorporates by reference the allegations in Paragraphs 1-35 as if fully restated herein.

37. Plaintiff and Defendant Sunrise entered into the Agreement along with an accompanying SOW. Plaintiff agreed to pay Defendants in consideration for the services provided pursuant to the Agreement and SOW.

38. Plaintiff has fully performed its duties and obligations to Defendants pursuant to the parties' Agreement and SOW.

39. Defendants breached the Agreement and the accompanying SOW by failing to comply with all applicable laws by placing unsolicited phone calls to Medicare beneficiaries in violation of 42 C.F.R. § 424.57(c)(11).

40. Defendants breached the Agreement and the accompanying SOW by failing to provide Plaintiff with the call recordings with three specific Medicare beneficiaries.

41. As a direct and proximate cause of Defendants' breaches, Plaintiff has been damaged in the amount to be determined at trial, together with interests, costs, and attorney's fees.

## COUNT II

### FRAUDULENT INDUCEMENT,
### DEFENDANTS SUNRISE, KHAN, AND MAROTTE

42. Plaintiff repeats and incorporates by reference the allegations in Paragraphs 1-41 as if fully restated herein.

43. Defendants made false and misleading misrepresentations through verbal and e-mail communications that they were experienced in the promotion and marketing of DEMPOS products.

44. Defendants made false and misleading misrepresentations through verbal and e-mail communications that they were knowledgeable about the state and federal laws and regulations governing the promotion and sale of DEMPOS products.

45. Defendants made these false and misleading misrepresentation for the purpose of inducing Plaintiff into entering into the Agreement and accompanying SOW with Defendant Sunrise to act on Plaintiff's behalf to market, promote, and sell DEMPOS products.

46. But for these false and misleading misrepresentations Plaintiff would have not entered into the Agreement and accompanying SOW with Defendant Sunrise to act on Plaintiff's behalf to market, promote, and sell DEMPOS products.

47. Defendants were not knowledgeable about the state and federal laws and regulations governing the promotion and sale of DEMPOS products.

48. Acting on Plaintiff's behalf, Defendant Sunrise violated 42 C.F.R. § 424.57(c)(11) on multiple occasions by initiating an unauthorized contact with the Medicare beneficiaries.

49. As a result of Plaintiff's reliance on Defendants' fraudulent misrepresentations, Plaintiff has been damaged and continues to suffer damages, including restrictions from Medicare payments.

50. Defendants acted with the specific intent to cause harm to Plaintiff, or acted with conscious indifference to the consequences of their actions and omissions, such that an award of punitive damages to punish, penalize, or deter Defendants from committing similar actions in the future is justified. Because Defendants acted with specific intent to cause harm, there is

no limitation regarding the amount that may be awarded as punitive damages. Plaintiff should be awarded punitive damages from the Defendant in an amount to be determined at trial according to the enlightened conscience of the jury. Plaintiff is also entitled to recover its reasonable attorneys' fees from Defendant.

## COUNT III

### FRAUDULENT MISREPRESENTATION, O.C.G.A. § 51-6-2
### DEFENDANTS SUNRISE, KHAN, AND MAROTTE

51. Plaintiff repeats and incorporates by reference the allegations in Paragraphs 1-50 as if fully restated herein.

52. Through verbal and e-mail communications Defendants represented that they would maintain phone call recordings with Medicare beneficiaries, other interested persons, and prescribing physicians for the next seven years.

53. Defendants had no intention of making phone conversation recordings and failed to record at least three phone conversations with the Medicare beneficiaries.

54. Defendants made false and misleading misrepresentations to Plaintiff that they would confirm the details submitted by an individual interested in DEMPOS, would confirm additional information required by Plaintiff, would complete an eligibility check, and would consult with the medical doctor or prescribing physician.

55. As a direct and proximate result of Defendants' willful misrepresentations, Plaintiff has been damaged in an amount to be determined by the Court, together with interests, costs, and attorney's fees.

## JURY DEMAND

Plaintiff demands a trial by jury on all triable issues.

WHEREFORE, Plaintiff prays that:

1. Defendants be required to pay actual, compensatory, and punitive damages in the amount to be determined at trial;

2. Defendants be required to pay prejudgment interest dating from service of this Complaint on any profits, damages, and attorneys' fees;

3. Plaintiff demands a trial by jury on all triable issues; and

4. Plaintiff has such other and further relief as the Court may deem just and proper.

This 18th day of May, 2018.

                                        */s/Leron E. Rogers*
                                        Leron Rogers, Esq.
                                        Georgia Bar No. 482620
                                        Agne Krutules, Esq.
                                        Georgia Bar No. 141692
                                        *Counsel for Plaintiff Universal Healthcare and Professional Services, LLC.*

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
1180 Peachtree Street NE, Suite 2900
Atlanta, Georgia  30309
T: 404.348.8585
F: 404.467.8845
E: leron.rogers@lewisbrisbois.com
E: agne.krutules@lewisbrisbois.com